MYERS, J., for the court.
¶ 1. On July 18, 2001, Robert Allen Smith pled guilty to the armed robbery of the Western Sizzlin restaurant in Bates-ville, Mississippi. The Circuit Court of the Second Judicial District of Panola County, the Honorable Andrew C. Baker presiding, sentenced Smith to twenty years in the custody of the Mississippi Department of Corrections, with thirteen years suspended.
¶2. On January 4, 2002, Smith filed a motion for post-conviction relief. The trial court dismissed the motion and Smith appealed. We affirm.
Issues
I. WHETHER SMITH WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL.
II. WHETHER SMITH’S GUILTY PLEA WAS ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.
Legal Analysis
I. WHETHER SMITH WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 3. In Leatherwood v. State, 473 So.2d 964 (Miss.1985), the Mississippi Supreme Court adopted the test promulgated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). One claiming ineffective assistance of counsel bears the burden of proving: (1) his counsel’s performance was deficient; and (2) the outcome of the trial would have been different, but for the deficiency in performance. Id. at 687, 104 S.Ct. 2052. This is a high standard, since we presume that an attorney’s conduct is “within the wide range of reasonable professional assistance.” Id. at 689, 104 S.Ct. 2052. Further, we view the conduct in the totality of the circumstances to discover if any errors made by the attorney were “outside the range of professionally competent assistance.” Id. at 690, 104 S.Ct. 2052.
¶ 4. Smith argues that his court-appointed counsel was ineffective since the attorney “failed to investigate his arrest and see that the statement given by [Smith] was inadmissable due to investigators [sic] tricks.... ” Additionally, Smith alleges his attorney failed to investigate Smith’s mental competency.
¶ 5. “Tricks” are permissible during police questioning, as long as they do not “rise to the level of compulsion or coercion.” Illinois v. Perkins, 496 U.S. 292, 297, 110 S.Ct. 2394, 110 L.Ed.2d 243 (1990). The trick Smith alleges was the promise of freedom if he signed a statement confessing to the armed robbery. Assuming arguendo that the police did make such a promise and it rises to the level of compulsion or coercion, Smith still does not pass the Strickland test. He has not shown that the outcome of his trial would have been different but for this alleged failure to meet professional standards. It is most likely that the trial’s result would be the same since Smith’s partner in the robbery pled guilty and implicated Smith. Additionally, this course of action could be said to fall within *705 trial strategy, which is well within the attorney’s purview. Scott v. State, 742 So.2d 1190, 1196(¶ 14) (Miss.Ct.App.1999).
¶ 6. We see no merit to this issue, and therefore we affirm the trial court’s decision as it applies to this issue.
II. WHETHER SMITH’S GUILTY PLEA WAS ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.
¶7. A defendant must execute such a waiver intelligently and understandingly. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Uniform Circuit and County Court Rule 8.04(A)(3) states a plea “is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.”
¶ 8. A review of the transcript shows this issue to be completely without merit. The trial judge thoroughly questioned Smith to insure that he made an informed decision. He explained that by pleading guilty, Smith could expect to receive a sentence between three years and life. Smith stated that he thought he had sufficiently discussed the issue of his plea with his lawyer.
¶ 9. Smith affirmed he was not under the effects of alcohol or illegal drugs. While he had been treated for “mental or emotional sickness,” he stated it had been two and a half to three years ago, and he did know right from wrong.
¶ 10. Judge Baker thoroughly explained the trial process so that each defendant would know just what he was giving up by pleading guilty. Smith stated that no one had lied or tricked him into pleading guilty, and attested that he was freely admitting his guilt. Under these facts, we find that Smith did knowingly, intelligently, and voluntarily plead guilty.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF PANOLA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ„ CONCUR.